Paul A. RENZI, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

May 1, 1974.

---

Carl Schnee of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant seeks review of his conviction for possession of a narcotic drug with intent to sell (16 Del.C. § 4725), asserting, *inter alia*, that the Trial Court committed reversible error in permitting the State to present evidence of an alleged prior sale in the effort to prove intent to sell. The defendant further contends that if such evidence is excluded, there is insufficient evidence to support a conviction on the charge of intent to sell.

I.

In endeavoring to prove that the defendant had the intent to sell narcotic drugs, the State introduced, over the defendant's objection, evidence of an alleged sale of three bags of heroin by the defendant to an unnamed informant shortly before the defendant was arrested for the instant offense. The State asserts that while proof of a prior crime is generally inadmissible, such evidence is admissible to show intent whenever intent is an essential ingredient of the crime charged. See 29 Am.Jr.2d, Evidence, § 333, p. 380 (1967).

While the State's contention may be correct in principle, the evidence offered here is not substantial enough to be admissible for the purpose assigned.

Because of its highly prejudicial nature, the admissibility of evidence of a prior crime is carefully circumscribed by the requirements that there be substantial evidence that the defendant committed such prior crime, State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967), and that such evidence be "plain, clear and conclusive", Kraft v. United States, 8 Cir., 238 F.2d 794 (1956); State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967).

The State has not met that burden of proof in this case; the evidence of the alleged prior sale was palpably less than the quantum required:

The evidence of the prior sale consisted of the testimony of a police officer that

the unnamed police informant purchased three bags of heroin from the defendant with "marked" money. The officer stated that he was outside the building in which the alleged prior sale occurred and was not a witness to it. The informant was not produced, notwithstanding the defendant's firm denial of the prior transaction. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Riley v. State, Del.Supr., 249 A.2d 863 (1969); State v. Flowers, Del.Super., 316 A.2d 564 (1973); State v. Roundtree, 118 N.J.Super. 22, 285 A.2d 564 (1971). The defendant was never charged with the alleged prior offense; and neither the drugs alleged to have been then purchased nor the "marked" money alleged to have been then used were offered in evidence.

On that showing, we hold that proof of the prior sale was not "plain, clear and conclusive" and, therefore, was insufficient to support a finding of intent to sell in the instant case.

## II.

■ Absent sufficient evidence of the alleged prior sale, the only evidence tending to support the State's case as to intent to sell were items found in the defendant's apartment: one small manila envelope and ten glassine bags containing heroin, a box with a label indicating that it once contained 1,000 glassine bags, a measuring spoon, rubber bands, a razor blade, a hypodermic needle and syringe. Without more, we find this evidence an inconclusive indicator of "intention to sell" narcotic drugs. The defendant and his wife were admitted heroin addicts with seven-bag-a-day habits. Assuming, *arguendo,* that fifty bags were seized,* that quantity would sustain them for only three days. Further, the State's expert witness, a police officer with broad experience in narcotics arrests, testified that the drug paraphernalia found in the defendant's apartment "would be used by a seller or user".

We hold that the evidence of both the quantity of drugs and the character of drug paraphernalia seized was insufficient to support a conviction of intent to sell. See Redden v. State, Del.Supr., 281 A.2d 490 (1971); Farren v. State, Del.Supr., 285 A.2d 411 (1971); Perry v. State, Del. Supr., 303 A.2d 658 (1973); Holden v. State, Del.Supr., 305 A.2d 320 (1973).

We reach no other ground of appeal.

Accordingly, the conviction of "intent to sell" must be set aside; but the conviction of the lesser-included offense of "possession" stands. The judgment below is reversed and the cause remanded with instructions to enter a judgment of conviction for possession of a narcotic drug and to impose an appropriate sentence thereupon. See Porter v. State, Del.Supr., 243 A. 2d 699 (1968).

---

\* It appears that the State charged the defendant with possession of fifty bags but offered only ten bags into evidence.