Larry Nathaniel **BENSON**, Defendant below, Appellant,

v.

**STATE of Delaware**, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted June 13, 1977.

Decided June 23, 1977.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

N. Maxson Terry, Jr., Terry, Terry & Jackson, Dover, for defendant below, appellant.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

**PER CURIAM:**

Defendant was convicted in the Superior Court of burglary in the second degree, 11 *Del.C.* § 825, and conspiracy in the second degree, 11 *Del.C.* § 512. He appeals, arguing that the evidence is not adequate to support either conviction and that the Court committed reversible error in admitting certain testimonial evidence.

■ The State's case against defendant was based on the testimony of an undercover police officer who participated as a "lookout" in the burglary with defendant. After describing what defendant did at the scene of the burglary, the police officer testified on direct examination as follows:

"Q Did you actually see him go inside [the premises]?

A Yes. I saw him go inside the same door he pried open. He went back inside and stayed about four minutes. He came running back out and told me to take off. I asked him what happened. He said 'There is somebody inside, a woman.' I said, 'Let's get out of here.' He said, 'No. I am going back in. If she walks out on me, I am going to tie her up. I am going to throw a blanket on her, tie her up and rape her.' "

Defendant's counsel objected to the testimony but the Court, without explanation, simply overruled the objection and directed the Attorney General to proceed.

■ In our judgment, it was reversible error to admit this testimony since it was not relevant on either the burglary or the conspiracy charge, and it unfairly prejudiced defendant. "Fairness demands that criminal trials be free of unduly prejudicial matter and of matter which has a direct tendency of creating confusion in the minds of the jurors by introducing another issue . . . ." *State v. Amaral,* 109 R.I. 379, 285 A.2d 783, 787 (1972).

The State's case depended upon the credibility of the police officer which had to be evaluated against the testimony of defend-

ant, who denied participation in the crime and contended that he was being framed by the police. The words of Chief Justice (then Judge) Herrmann in *State v. Boyd,* Del.Super., 8 Terry 370, 47 Del. 370, 91 A.2d 471, 472 (1952) are particularly pertinent here:

"I think that when the evidence of guilt is in close balance with evidence of innocence, the Court must give to the defendant the benefit of any reasonable doubt regarding the impact of prejudicial testimony upon the fairness of his trial. I cannot say with 'fair assurance' that members of the jury were not substantially swayed by the detective's improper testimony when they weighed the defendant's word against that of his accuser. Therefore, it is impossible for me to conclude that the defendant's right to a fair trial was not substantially impugned by the incompetent and prejudicial testimony."

Since the officer's comment was neither relevant nor material to either of the charges at issue, the impact thereof, if not its purpose, was to unfairly prejudice defendant in the search for truth which the jurors were required to make. Under all the circumstances, admission of the testimony was reversible error. See *State v. Wyman,* Me.Supr., 270 A.2d 460 (1970).

\*  \*  \*  \*  \*  \*

The judgment of the Superior Court is reversed and the case is remanded for further proceedings consistent herewith.