**Larry Nathaniel BENSON, Defendant, Appellant,**

v.

**STATE of Delaware, Plaintiff, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 19, 1978.

Decided Nov. 6, 1978.

362

N. Maxson Terry, Jr., of Terry, Terry & Jackson, Dover, for defendant-appellant.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Under both the Federal and Delaware Constitutions, a defendant in a criminal case is entitled to due process of law, which includes a fair trial. Applying that broad principle, we reverse the Superior Court convictions of defendant in this case because prejudicial evidence of alleged but unproven prior crimes was admitted into evidence against him.

I

The pertinent facts are these:

A house in Kent County, occupied by Annabelle Postles, was burglarized during daylight hours. Mrs. Postles described the burglar to the police and provided information about his companion and the vehicle they used. At trial, she was unable to identify defendant as the burglar, but that was not fatal to the State's case; defendant's "companion" during the significant events was an undercover police officer who testified in detail that defendant was, indeed, the offender and that defendant had asked the officer to join in the burglary. The officer also testified that defendant had admitted committing numerous prior burglaries.

On the basis of the police officer's testimony, defendant was convicted in the Superior Court of burglary in the second degree, 11 *Del.C.* § 825, and conspiracy in the second degree, 11 *Del.C.* § 512. After sentencing he appealed to this Court, making two arguments which we now consider.[1]

## II

■ First, defendant contends that the evidence is not sufficient to support the verdict. His argument seems to be that the testimony of the officer was somehow tainted, because he was an undercover agent. If that is the contention, it is without merit. There is enough direct and circumstantial evidence that defendant committed both crimes to support the jury verdicts. The fact that the witness was an undercover agent for the police is a factor going to the weight of the evidence, not its admissibility. The jury considered the officer's testimony and obviously found it convincing.

1. In a prior appeal following conviction and sentencing for the same offenses, we reversed the judgment of the Superior Court because the Trial Judge had admitted into evidence, over objection, unfairly prejudicial and irrelevant evidence of a statement allegedly made by defendant indicating an intention to rape Mrs. Postles if she caught him during the burglary. See *Benson v. State*, Del.Supr., 375 A.2d 461 (1977).

2. A "fence" is one who receives and sells stolen goods. *American Heritage Dictionary of the English Language.* (1969)

3. The record includes the following testimony developed from the officer:

"BY MR. REED [the Prosecutor]:
Q. Will you please state why you were introduced to him?
A. Well, one of the reasons is to ascertain about a fence that he might possibly know.
Q. Why in particular him?
A. Because it was known he had in his possession some stolen articles from previous burglaries.
Q. After meeting him you were, in fact, given some article by him?
A. Yes. I paid for articles that were stolen.
Q. What did he mention in relation to these articles?
A. He stated that he had stolen them in previous burglaries.
Q. What did he state concerning the previous burglaries, if anything? What did he state to you?

## III

■ Turning now to defendant's constitutional argument, it appears that during direct examination, defendant attempted to show that the police were pressing him to cooperate in their efforts to secure evidence against a suspected "fence."[2] Defendant contended that the police investigation was directed at him for no reason other than harassment and, implicitly, that the testimony of the undercover agent was false and part of the same scheme.

The State sought to rebut defendant's testimony and, for that reason, adduced testimony by the undercover officer that defendant had admitted committing numerous other burglaries. The officer testified that he had bought from defendant items stolen during those burglaries and he also described the alleged "modus operandi" used by defendant.[3]

A. He told me how he did the burglaries. That he would go out and case the place to find out, you know, whether or not it was worth burglarizing by pointing out big antennas on the outside of the houses and with this, in fact, he would know that the house like this would have a small component set or small appliances in it. He would pick a house that was not near any other houses, where no other houses were close by or anything like that.
MR. TERRY: I am renewing my objection for the record although I realize the Court has ruled on it.
THE COURT: I take it you will keep on objecting?
MR. TERRY: That is right, Your Honor, because I am objecting for the reasons I previously stated.
THE COURT: It is so noted.
BY MR. REED:
Q. There is a particular time of the day that you mentioned.
Was there a particular time of the day he mentioned?
A. He would go out early in the morning and do them first thing in the morning. That way nobody was ever home and it was better to do them in the morning and get it over with rather than do it in the afternoon and take a chance that there might be someone home.
Q. Did he state a time period to you that he had been committing these burglaries over this prior to your meeting him on November 25? The time of day?

Defendant objected to such testimony but the Trial Judge overruled the objection, finding that defendant had opened the door to that evidence by testifying that the police were harassing him for no reason.

The general rule, of course, is that evidence of prior crimes is inadmissible in a criminal trial to prove that defendant committed the crime at issue. See *Johnson v. State*, Del.Supr., 311 A.2d 873 (1973); 1 *Wharton's Criminal Evidence* § 343 (1935). There are exceptions to that rule, and the Trial Judge admitted evidence of prior crimes in this case under one of them, that is, to allow the State to rebut a defense and to impeach defendant as a witness.[4]

But a finding that evidence of prior crimes is admissible under some exception to the general rule does not settle the question. Rather, the proffered evidence must still meet certain strict qualifications. See 29 *Am.Jur.*2d Evidence § 333, p. 380 (1967). As this Court said in *Renzi v. State*, Del.Supr., 320 A.2d 711, 712 (1974):

> "Because of its highly prejudicial nature, the admissibility of evidence of a prior crime is carefully circumscribed by the requirements that there be substantial evidence that the defendant committed such prior crime . . . and that such evidence be 'plain, clear and conclusive.'"

In *Renzi*, the State sought to show defendant's intent to sell drugs by introducing testimony by a police officer that defendant had sold drugs to a police informant, who had used "marked" money, shortly before the arrest on the charge *sub judice*. The officer had not actually seen the prior sale. Defendant was not charged with any offense in connection with such sale. The State did not produce the informant who had allegedly made the purchase, the drugs alleged to have been sold, nor the money said to have changed hands. This Court held that the evidence of a prior crime was not "plain, clear and conclusive."

*Renzi* controls the case at bar. Here, the State offered only the testimony of the undercover police officer that defendant had admitted committing numerous prior burglaries. Assuming that defendant did tell the officer that he had committed burglaries in the past, that alone did not provide substantial evidence of the burglaries that is plain, clear and conclusive.

The State did not offer witnesses to testify that homes had been burglarized; there was no evidence that items defendant had sold to the officer had been, in fact, stolen; there was no evidence that defendant had been charged with committing prior burglaries, let alone convicted. In short, there is no evidence whatsoever that burglaries had been committed except the generalized statements of the officer as to what defendant had allegedly told him.

We hold that it was error to admit into evidence the vague and unsubstantiated evidence of prior burglaries alleged to have been committed by defendant, in this case in which credibility was a close and contested issue. Cf. *State v. Boyd*, Del.Super., 91 A.2d 471, 472 (1952). The improper testimony of the undercover officer not only reflected on defendant's credibility, but also made it easier for the jury to conclude that defendant was likely to have committed the burglary for which he stands accused in this case. See 29 *Am.Jur.*2d Evidence § 320, p. 366 (1967). Under all circumstances, admission of the testimony was reversible error.

Reversed and remanded for further proceedings consistent herewith.

---

A. A time period. How long before?

Q. How long a period before November 25th had he stated he had been doing the burglaries?

A. He never stated. He said he had done numerous burglaries."

4. Both parties addressed the question of which exception to the general rule would permit admission of the prior crimes evidence. In light of our conclusion, we need not decide which of the exceptions to the general rule of inadmissibility is applicable.