STATE of Delaware

v.

Joseph M. WALLS, Defendant.

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 10, 1987.
Decided: Nov. 16, 1987.

Charles E. Butler, Dept. of Justice, Wilmington, for the State.

Jerome M. Capone, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

Presently before the Court is defendant Joseph Walls' motion *in limine*, to exclude evidence of his prior robbery conviction at trial.

The relevant facts are as follows. On May 18, 1986, the Grand Jury issued a 24-count indictment against defendant Walls and his co-defendant, Efrain Hernandez. The indictment basically contained counts for three separate offenses, of which two are relevant to this motion—the "Hailstone" and "Pancoast" robberies, so termed for simplification.

Both defense attorneys moved to sever the offenses, arguing that although the burglary-robberies were similar in nature, they clearly did not arise out of the same transaction and indeed constituted three wholly separate and unrelated offenses. Further, they argued, trial on all counts would be prejudicial to the defendants in that the jury could infer guilt for one offense from another. The Superior Court granted the motion to sever these offenses for trial purposes.

Hernandez and Walls were tried together for the Pancoast robbery (Counts I–X). Defendant Walls was convicted by a jury on October 15, 1986 for crimes which were virtually identical to those facing the defendant in the instant case. Specifically, the conviction was for Burglary First Degree (one count), Robbery First Degree (two counts), Possession of a Deadly Weapon During the Commission of a Felony (one count), Terroristic Threatening (one count), and Conspiracy Second Degree (one count).

The jury could not reach a verdict with respect to Hernandez; the Court, therefore declared a mistrial as to Hernandez on October 15, 1986.

The State now seeks to introduce testimony of the *Pancoast* robbery victim, as well as a certified copy of Walls' conviction of that crime, into Walls' trial for the *Hailstone* offense. The evidence is sought to be admitted to prove a common scheme or plan, and identity.

Defendant asserts that admission of testimony regarding the 1986 conviction would be extremely prejudicial to his case and that there is a substantial risk that jurors will consider the conviction as evidence of bad character. He further asserts that a curative instruction would be insufficient to protect his rights. The defendant wishes to testify in his own behalf, but fears to do so if it results in exposing to the jury testimony regarding the October, 1986 conviction.

At oral argument before this Court, the State presented factual similarities between the incidents giving rise to the pending charges and the 1986 conviction, and argued that they constituted a modus oper-

andi, or common scheme. Common facts to both crimes asserted by the State and not contradicted by the defense include two men burglarizing a home to rob its inhabitants, one individual wearing a ski cap, and one or the other grabbing the children, threatening the woman and children with a handgun, telling the victim to hide his face, telling the victim not to look at the perpetrator's face, physically abusing the male in the household, knocking on the front door, and, in one case, pulling the phone from the wall, and in the other one the perpetrator yelling to the other to do so, but failing to actually remove the phone. Finally, victims in both crimes were told not to look out the window as the perpetrators effected their escape. Defendant asserts that these similarities could apply to any robbery, and points out the use of a baseball bat in one case and no similar weapon being used in the other.

■ In a criminal prosecution, proof which shows that the accused is guilty of the commission of other crimes and offenses at other times, even though they are similar in nature to the one charged, is incompetent and inadmissible to prove the commission of the particular crime charged. D.U.R.E. 404(b); 608(b); 29 Am. Jur.2d *Evidence* § 320. An exception is made if the other offenses are an element of or connected with the offense charged; if the evidence of other crimes is needed to prove the accused's identity, knowledge, intent, or motive; or to show a common scheme; or to show absence of mistake. *Id.* In other words, in a prosecution for one crime, proof of another crime is never admissible unless there is a legal connection upon which it can be said that one tends to establish the other. 29 Am.Jur.2d *Evidence* § 321.

The reason for excluding proof of other crimes is apparent. Bluntly, the evidence tends to predispose the minds of jurors to believe the accused is guilty. It is difficult to conceive of evidence that would have more impact upon the jury.

■ In the instant case, the State contends that the two robberies constitute a common scheme or plan, and evidence of the *Pancoast* robbery would help to prove identity. To admit evidence of other crimes or bad acts, those crimes or acts must be proved by clear and substantial evidence. *Renzi v. State*, Del.Supr., 320 A.2d 711 (1974); *Benson v. State*, Del. Supr., 375 A.2d 461, appeal after remand 395 A.2d 361 (1978).

■ Likewise, for evidence of other crimes to be admitted to prove identity or modus operandi, the similarities of those crimes must be far in excess of the usual attributes of crimes of the same type. *See* Weinstein & Berger, *Weinstein's Evidence, United States Rules,* ¶ 404[16]; *State v. Harding,* 137 Ariz. 278, 670 P.2d 383 (1983); *State v. Allen,* Ct.App., 91 N.M. 759, 581 P.2d 22 (1978); *Ture v. State,* Minn., 353 N.W.2d 518 (1984); and *State v. Moore,* 197 Neb. 294, 249 N.W.2d 200 (1976). The Court should consider similarities as well as dissimilarities. *See, State v. Harding, supra.* In this case it is clear that the similarities are far more than those to be expected in a house robbery. The similarities far outweigh the dissimilarities.

■ Defendant asserts that clear evidence is lacking in the *Pancoast* case. The jury in *Pancoast* could not reach a unanimous verdict on Hernandez and a mistrial was declared. Both Walls and Hernandez were convicted by the same witnesses, the Pancoasts. The trial Court in a suppression hearing had ruled that Walls and Hernandez were subject to improper and suggestive lineups. The other two victims, not subject to those lineups, did not identify Walls at trial. A motion for a mistrial and/or a new trial has been filed by Walls in the *Pancoast* case and is presently pending. At oral argument, the State averred that there was sufficient additional evidence beyond the witness identification to convict defendant Walls of the *Pancoast* robbery.

The defendant argues strenuously that the evidence linking him to the *Pancoast* robbery is not substantial evidence and is, in fact, tainted. The fact is, however, that defendant was convicted in that case by the

jury, and that verdict at this date has not been overturned.

This Court has previously ruled that evidence of the *Pancoast* robbery would be admissible as evidence of modus operandi and to prove identity of the defendant as the perpetrator. This was done at an office conference (May 25, 1987) when defense counsel sought discovery concerning purported misidentifications by the *Pancoast* victims. Since that time, defendant has changed counsel and strategy and seeks to exclude any of the evidence relating to the *Pancoast* robbery.

In addition, this Court had previously ruled in its decision to sever the three robbery-burglary incidents that the defendants might be prejudiced by introduction of the evidence of additional purported crimes. (In one of those crimes only defendant Hernandez was charged.) Thus, it could be argued that this Court had by inference decided that evidence of the *Pancoast* robbery should not be admissible at trial for the other incidents. Cf. *Bates v. State*, Del.Supr., 386 A.2d 1139 (1978). The situation, however, has changed in that this set of charges had been dropped against defendant Hernandez; and Hernandez was acquitted of the third set of charges. Finally, the *Pancoast* robbery has resulted in a conviction of this defendant. Thus, in particular, there is clear and convincing evidence of the defendant's participation in that crime. *See, Benson, supra.*

The Court, therefore, finds that evidence offered through the testimony of the *Pancoast* victims is admissible for the sole purpose of establishing the identity of the defendant through his modus operandi in committing these offenses. Such evidence shall be limited to testimony only and the fact of defendant's conviction of the crime will not be admissible in the State's case in chief.

The verdict of the *Pancoast* jury is extremely prejudicial to the defendant's ability to obtain a fair trial by the jury in this case. The conclusion of the *Pancoast* jury [1] in reaching a guilty verdict adds little in relevant probative value to this jury's deliberations while having a devastating prejudicial impact. Balancing these factors the Court concludes pursuant to D.U.R.E. 403 that the evidence of conviction is to be excluded in the State's case in chief.

This does not end the inquiry however. Should defendant testify, the issue of impeachment arises. Under D.U.R.E. 609(a), evidence that a witness has been convicted of a felony is admissible to attack the credibility of the witness if the Court determines that the probative value outweighs its prejudicial effect. This Court hereby rules that the fact of defendant's conviction for a felony may be brought out for impeachment purposes. A defendant's right to testify in his own behalf is not impermissibly burdened by the State's right to impeach his testimony by exploring prior felony convictions. *Wilson v. State*, Del.Supr., 414 A.2d 208 (1980). The circumstances surrounding the conviction may additionally be admitted in this instance for impeachment purposes if and only if defendant denies complicity in the *Pancoast* robbery.[2]

The defendant's motion *in limine* is GRANTED in part, DENIED in part.

IT IS SO ORDERED.

---

1. In addition, the Court takes judicial notice that the basis for defendant's mistrial motion in *Pancoast* is purported jury bias based upon a purported comment made by one of the jurors to the effect that the defendant had gotten off on a murder charge.

2. The Court in balancing the probative value of this conviction against the prejudicial impact upon the defendant does not intend to foreclose his testimony in this case. It does not, however, intend that he should have the benefit of testifying falsely.