Flora HOWARD, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 27, 1988.
Decided: Oct. 21, 1988.

J. Dallas Winslow, Jr., Wilmington, on behalf of appellant.

Richard Fairbanks, Jr., and Rosemary K. Killian, Deputy Attys. Gen., Wilmington, on behalf of appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellant, Flora Howard ("Howard"), was found guilty as charged on four counts of forgery in the second degree, four counts of theft misdemeanor, and two counts of conspiracy second degree. These convictions were the result of a jury trial held on August 5, 1987. The charges involved three forged checks which were presented for payment to the Wilmington Trust Company on July 10, 1986 and one forged check which was presented for payment at a different branch of the same bank on July 14, 1986.

On appeal, Howard contends that, over her objection,. the trial judge improperly admitted certain testimonial evidence of other crimes. The challenged testimony was presented by the State through Brian Gardiner ("Gardiner"), who was Howard's co-conspirator. Gardiner had previously pled guilty to four counts of theft and had agreed to testify for the State at Howard's trial. Howard argues that the admission of the other crimes testimony was an abuse of discretion, resulting in extreme prejudice to her case, and necessitating the reversal of her convictions.

We have concluded that the trial judge properly balanced the prejudice of the "other crimes" evidence to Howard and its materiality to the State's case. We find that the evidence was admitted in accordance with the Delaware Rules of Evidence. D.R.E. 403 and 404. Therefore, we affirm Howard's convictions.

*Facts*

Gardiner testified that on July 10, 1986, he was sitting in the passenger seat of Howard's car when she cashed two checks at the Wilmington Trust Company. According to Gardiner, he then accompanied Howard to Philadelphia where Howard bought cocaine. Upon returning to Delaware, Gardiner testified that the two of them went to Howard's home. There, they smoked the cocaine that Howard had just purchased in Philadelphia. Gardiner stated that he was unaware that the checks Howard had cashed earlier in the day had been forged until later that same after-

noon, when she asked him to pose as the person named on a third check. Gardiner stated that he agreed to that request by Howard and went with her to cash the third forged check.

On July 14, 1986, Gardiner testified that he accompanied Howard to another branch of the Wilmington Trust Company. There, he again posed as the named payee, while Howard cashed a fourth forged check. Gardiner testified that after cashing the fourth forged check, he and Howard made another trip to Philadelphia to purchase more cocaine. According to Gardiner, his payment for his participation in the transfers of the forged instruments was the cocaine which was purchased with the proceeds of the forged checks.

### Motion to Exclude Evidence of Other Crimes

Prior to Gardiner's testimony, Howard's defense counsel made a motion *in limine* to prohibit any testimony by Gardiner about Howard's purchase and consumption of cocaine. Howard objected to the admission of Gardiner's testimony regarding the evidence of other crimes or bad acts, arguing that it was irrelevant and impermissible under D.R.E. 404. Howard argued, alternatively, that even if such testimony was relevant, it should be excluded because its probative value to the State was substantially outweighed by the danger of unfair prejudice to her. D.R.E. 403. The State argued that the testimony was admissible as evidence of a plan and motive, i.e., that the purchase and use of the drugs was Howard's ultimate objective and, therefore, part of the conspiracy involving the passing of the forged checks.

Before the trial judge ruled that the evidence of other crimes was admissible, he balanced the prejudice of the drug related evidence to Howard against the materiality and relevance of the proffered testimony to the State's case. The trial judge ruled that Gardiner's testimonial evidence of other crimes would be admissible to explain the motive for transferring the checks, as well as to demonstrate the plan between Gardiner and Howard as co-conspirators. In the subsequent charge to the jury, the trial judge also included an instruction explaining the limited purpose for which the drug related evidence had been offered and admitted.

### Considerations Prior to Admitting Evidence of Other Crimes

The general common law rule, forbidding the introduction of character evidence to prove that a defendant acted in conformity therewith on the occasion in question, is codified in D.R.E. 404. The admittance of evidence to prove propensity to commit the crime which is charged is proscribed by subsection (a) of the Rule. Subsection (b) of the Rule "enumerates illustrative purposes for which evidence of other acts, crimes, or wrongs may be used, other than for showing propensity, 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.' D.R.E. 404(b)." *Weber v. State*, Del.Supr., 547 A.2d 948, 955 (1988).

Even if evidence of other crimes is relevant, the trial judge may exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading to the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." D.R.E. 403. Ultimately, the admission of such evidence rests in the sound discretion of the trial judge and will not be disturbed on appeal unless the admission was a clear abuse of discretion. *Weber v. State*, 547 A.2d at 955.

This Court has recently enunciated guidelines to govern the admissibility of other crime evidence "in *future* cases." *Getz v. State*, Del.Supr., 538 A.2d 726, 734 (1988). Even though those guidelines operate prospectively and were announced after Howard's trial, they are instructive in analyzing Howard's case. The relevant guidelines set forth in *Getz* are:

(1) The evidence of other crimes must be material to an issue or ultimate fact in dispute in the case. If the State elects to present such evidence in its case-in-chief it must demonstrate the existence, or

reasonable anticipation, of such a material issue.

(2) The evidence of other crimes must be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition.

(3) The other crimes must be proved by evidence which is "plain, clear and conclusive." *Renzi v. State*, Del.Supr., 320 A.2d 711, 712 (1974).

(4) The other crimes must not be too remote in time from the charged offense.

(5) The Court must balance the probative value of such evidence against its unfairly prejudicial effect, as required by D.R.E. 403.

(6) Because such evidence is admitted for a limited purpose, the jury should be instructed concerning the purpose for its admission as required by D.R.E. 105. (footnote omitted).

*Id.*

### Balancing of Considerations in This Case

In this case, the State offered the other crimes testimony in its case-in-chief. The first guideline in *Getz* requires the State to "demonstrate the existence, or reasonable anticipation, of" a material issue in this case. *Getz v. State*, 538 A.2d at 734. The State argued that evidence of the purchase and the subsequent use of cocaine by Howard and Gardiner was material to the conspiracy charge and necessary for a full understanding, by the jury, of all the indicted offenses. The trial judge agreed with that argument and concluded that the purchase and joint use of the drugs by Howard and Gardiner was material evidence of the conspiracy between them.

The second requirement of *Getz* is that the evidence of other crimes be introduced for a purpose sanctioned by D.R.E. 404(b). Gardiner testified that he posed as the named payee on the forged checks because he understood he would share in the use of the cocaine purchased with the cash Howard received. The State argued that the evidence of the purchase and use of the cocaine was material to Howard's motive and plan in committing the July 10th and July 14th offenses. Two of the permissible purposes set forth in D.R.E. 404(b) for the admission of other crime evidence are plan and motive. The trial judge found that the passing of forged checks by Howard and Gardiner was motivated by their desire to purchase and consume cocaine. The trial judge also found that the drug related activities were an integral part of the check forging plan.

The third guideline set forth in *Getz* requires the "other crimes" to be proved by evidence that is plain, clear, and conclusive. Gardiner was an eyewitness to and participant in the possession and use of cocaine. The trial judge properly ruled that Gardiner's testimony plainly, clearly and conclusively proved the "other crimes." Gardiner's credibility was for the jury to assess. *Tyre v. State*, Del.Supr., 412 A.2d 326, 330 (1980).

The fourth guideline in *Getz* is that the other crimes evidence not be remote in time to the crimes actually charged. In this case, the other crimes were not remote in time from the charged offenses. The "other crimes" occurred on the same day as each of the charged offenses.

The fifth guideline in *Getz* calls upon the trial judge to balance the probative value of the other crime evidence offered by the State against the prejudice to the accused. In this case, the trial court balanced the prejudice to Howard of the evidence of drug possession and use against the probative value of that evidence to the State's case. The trial judge concluded that the purchase and use of the cocaine was relevant and material to the plan and motive of the conspiracy. The trial judge also determined that this evidence was necessary to the jury's understanding of the State's case.

The final guideline in *Getz* requires a limiting instruction to the jury. The need for a limiting instruction, when evidence of prior crimes is admitted, was first identified in *Getz* and was subsequently made

mandatory in *Weber*.[1] Even though *Getz* and *Weber* were both decided after Howard's trial, and operate prospectively, the judge in this case cautioned the jury with an appropriate limiting instruction, following his decision to admit the other crimes evidence. The limiting instruction helped to ensure "a proper understanding of the evidence by the jury and to assure a fair trial" in accordance with the requirements of due process. *Weber v. State*, 547 A.2d at 956.

We find no abuse of discretion. The trial judge properly admitted the testimonial evidence of other crimes at Howard's trial. Therefore, the judgments of the Superior Court resulting in Howard's convictions are AFFIRMED.

---

1. In *Weber v. State*, Del.Supr., 547 A.2d 948, 956 (1988), we indicated that there is a serious potential that the jury may misunderstand the relevancy of evidence of other crimes. Accordingly, we expanded the requirements of D.R.E. 105 and held that "evidence of prior criminal acts cannot be submitted to the jury without guidance from the trial court. Therefore, when such evidence is admitted, 'it must be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted.'" *Id.* at 956. *Weber* makes it mandatory for a trial judge to give a limiting instruction whenever evidence of other crimes is to be admitted. *Id.* at 956.