**Charles W. VANDERHOFF, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 93, 1996.

Supreme Court of Delaware.

Submitted: Oct. 8, 1996.
Decided: Nov. 12, 1996.

Sandra W. Dean, Assistant Public Defender, Dover, for Appellant.

John Williams and John R. Garey, Deputy Attorneys General, Dover, for Appellee.

Before VEASEY, C.J., HARTNETT and BERGER, JJ.

PER CURIAM.

Appellant, Charles W. Vanderhoff ("Vanderhoff"), was convicted in the Superior Court of eight counts of second degree unlawful sexual contact (11 Del.C. § 768) and one count of first degree unlawful sexual intercourse (11 Del.C. § 775). In this direct appeal, Vanderhoff asserts that the Superior Court abused its discretion when it permitted evidence to be admitted of his prior sexual contact with the victim. We disagree and AFFIRM.

**I.**

The evidence at trial showed that the victim was the granddaughter of Vanderhoff's former girlfriend and that Vanderhoff began touching the victim's breast and buttocks in 1989 when she was 8 years old. The sexual contacts continued until the unlawful sexual intercourse incident occurred in August 1993 when the victim was 11 years old. All the charges required the State to prove that Vanderhoff acted intentionally. Sometime during 1989, when the victim was 8 years old Vanderhoff asked her to bend over and pull her pants down. Vanderhoff then used a flashlight to look at her vaginal area.

In August 1993 Vanderhoff placed his penis inside victim. This incident led to his arrest on June 20, 1995. Just before trial commenced Vanderhoff objected to the admission of any evidence of the flashlight viewing incident in 1989 on the basis of lack of relevance and remoteness in time. The Superior Court conducted the D.R.E. 404(b) inquiry under *Getz v. State,* Del.Supr., 538 A.2d 726 (1988). It found the evidence of the flashlight incident to be admissible as being relevant to the issue of intent or the absence of mistake "if the testimony turns out to be plain, clear and conclusive" and that the flashlight incident was not too remote in

time. The Superior Court also conducted the balancing test under D.R.E. 403 and found that the probative value of the evidence outweighed the danger of its unfair prejudicial effect. When the evidence was introduced at trial the Court gave an appropriate cautionary instruction following the victim's testimony. The cautionary instruction was again given following an eyewitness's testimony as to the incident and again in the final instructions to the jury.

## II.

D.R.E. 404(b) permits the introduction of evidence of prior wrongs or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

In *Getz* we set forth the six guidelines that a court must consider before admitting evidence of prior wrongs or acts pursuant to D.R.E. 404(b):

(1) The evidence of other crimes [or acts] must be material to an issue or ultimate fact in dispute in the case. If the State elects to present such evidence in its case-in-chief it must demonstrate the existence, or reasonable anticipation, of such a material issue.

(2) The evidence of other crimes [or acts] must be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition.

(3) The other crimes [or acts] must be proved by evidence which is "plain, clear and conclusive." *Renzi v. State*, Del.Supr., 320 A.2d 711, 712 (1974).

(4) The other crimes [or acts] must not be too remote in time from the charged offense.

(5) The Court must balance the probative value of such evidence against its unfairly prejudicial effect, as required by D.R.E. 403.

(6) Because such evidence is admitted for a limited purpose, the jury should be instructed concerning the purpose of its admission as required by D.R.E. 105.

## III.

The Superior Court, after conducting an inquiry, found that: (a) The flashlight incident was material to the ultimate fact in dispute, that is whether Vanderhoff acted intentionally in the sexual contacts between September 1, 1989 and August 31, 1993. *Pope v. State*, Del.Supr., 632 A.2d 73, 77 (1993); (b) The evidence of the flashlight incident was to be introduced for the purpose of showing both intent and absence of mistake. *Pope v. State*, supra; (c) The evidence of the flashlight incident was plain, clear and conclusive because the occurrence was testified to by the victim and confirmed by an eyewitness to the incident who was 16 at the time of the trial. *Getz v. State*, Del.Supr., 538 A.2d 726 (1988); *Pope v. State*, Del.Supr., 632 A.2d 73, 77 (1993); (d) The flashlight incident evidence was not too remote in time because it took place near the first unlawful sexual contact in 1989. Later sexual contacts by Vanderhoff with the same victim continued until August 1993. *Allen v. State*, Del. Supr., 644 A.2d 982, 987–88 (1994).

The Superior Court also conducted the required balancing test inquiry under D.R.E. 403 and concluded that the probative value of the proffered evidence was relevant and was not outweighed by the danger of unfair prejudice. The Superior Court correctly instructed the jury as to the limited purpose of the prior bad evidence on three occasions.

Because the Superior Court properly applied all six of the *Getz* factors, there was no abuse of discretion in admitting the evidence of the flashlight incident.

The judgment of conviction of the Superior Court is, therefore, **AFFIRMED.**