Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

August 17, 2017

Rebecca Song, Esq.
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE  19801

Joseph W. Benson, Esq.
1701 North Market Street
P.O. Box 248
Wilmington, DE  19899

RE:    **State v. Charles Riley, Case No. 1703005932**

Dear Counsel:

The Court is in receipt of State's Motion *in Limine* and Defendant's Response.[1]  In its Motion, the State requests that the Court permit the State to introduce evidence of Defendant's probationary status pursuant to Delaware Rule of Evidence ("D.R.E.") 404(b) "for the limited purpose of establishing proof of identity and intent or state of mind."[2]  In support of this request, the State proffers that Defendant, while on Level II probation for Drug Dealing,[3] was outside his residence when Probation received a tip that Defendant was selling drugs from that residence.[4] When Probation Officer Collins, accompanied by Detective Rosaio, responded to Defendant's residence based on the tip, Collins knocked and announced himself as "Probation" and observed Defendant within his house through a window.[5]  Defendant did not come to the front door and appeared to be hiding from the officers, only revealing himself once the officers entered the house.[6]  An administrative search of the house revealed drugs, ammunition, and a firearm.[7]  As a result of the foregoing, Defendant is charged by indictment with the following:

Drug Dealing Tier 4 Quantity of Cocaine;
Aggravated Possession Tier 5 Quantity of Cocaine;
Drug Dealing Tier 2 Quantity of Heroin;
Aggravated Possession Tier 2 Quantity of Heroin;
Drug Dealing Marijuana;
Possession of a Firearm During the Commission of a Felony;

---

[1] D.I. 14, 20.
[2] D.I. 14 at 1.
[3] Case No. 1506009651.
[4] D.I. 14 at 2–3.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*

Possession of a Firearm by a Person Prohibited (4 counts);
Possession of Ammunition by a Person Prohibited;
Receiving a Stolen Firearm;
Resisting Arrest; and
Possession of Drug Paraphernalia.[8]

The State argues that Defendant's probationary status is relevant to show: how Detective Rosaio and Officer Collins were able to identify Defendant; Defendant's intent to resist arrest; and Defendant's "intent to conceal drugs and a . . . [handgun] to avoid new charges and a violation of probation."[9]

D.R.E. 404(b) prohibits the use of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."[10] In *Getz v. State*,[11] the Delaware Supreme Court laid out six factors for the Court to consider for Rule 404(b) evidence. Admissible Rule 404(b) evidence must be:

(1) material to an issue or ultimate fact in dispute;

(2) introduced for a purpose either explicitly sanctioned by Rule 404(b) or for a purpose consistent with Rule 404(b)'s prohibition on the use of evidence of bad acts to show bad character or action in conformity therewith;

(3) proved by evidence which is plain, clear and conclusive;

(4) not too remote in time;

(5) balanced against any unfair prejudicial effect, as required by D.R.E. 403; and

(6) if admitted, admitted subject to a D.R.E. 105 limiting instruction.[12]

In this case, Defendant's status as a probationer is material to at least two issues or ultimate facts in dispute--Defendant's identity and intent on the charge of Resisting Arrest. Pursuant to 11 *Del. C.* § 1257(b), "[a] person is guilty of resisting arrest when the person intentionally prevents or attempts to prevent a peace officer from effecting an arrest or detention of the person or another person or intentionally flees from a peace officer who is effecting an arrest or detention of the person" As a condition of probation, Defendant was required to permit probation officers to enter his home.[13] Thus, Defendant's apparent attempt to hide from Probation, as outlined in the State's proffer, reflects much differently on Defendant's actions

---

[8] D.I. 14 at 1–2; D.I. 3.
[9] D.I. 14 at 6.
[10] D.R.E. 404(b).
[11] 538 A.2d 726 (Del. 1988).
[12] *Id.* at 734 (quoting *Renzi v. State*, 320 A.2d 711, 712 (Del. 1974)).
[13] D.I. 19 ¶ 2.

than if he were a person not under State supervision who avoided coming to the door to talk to Probation or police officers.

In light of the foregoing, the Court must consider whether D.R.E. 403 requires the exclusion of Defendant's status as a probationer because the probative value is substantially outweighed by the danger of unfair prejudice. In *Deshields v. State*, the Delaware Supreme Court discussed a nine-factor analysis for D.R.E. 403 balancing in the context of D.R.E. 404(b) evidence:

(1) the extent to which the point to be proved is disputed;

(2) the adequacy of proof of the prior conduct;

(3) the probative force of the evidence;

(4) the proponent's need for the evidence;

(5) the availability of less prejudicial proof;

(6) the inflammatory or prejudicial effect of the evidence;

(7) the similarity of the prior wrong to the charged offense;

(8) the effectiveness of limiting instructions; and

(9) the extent to which prior act evidence would prolong the proceedings.[14]

As previously stated, Defendant's probationary status casts the actions he allegedly took to avoid and hide from Probation in a much different light than if he were a non-probationer, and this context is necessary for the jury to fairly determine whether the State has met its burden of proof on the elements of Resisting Arrest. Due to the nature of the evidence—the fact of Defendant's status—there is no less prejudicial proof available. However, the inflammatory or prejudicial effect of the evidence can and must be mitigated in this case. Therefore, evidence of Defendant's status as a probationer—in addition to being subject to a D.R.E. 105 limiting instruction—shall not include any indication of the offense for which Defendant was on probation. What probative value, if any, the fact that Defendant was previously convicted of Drug Dealing has is substantially outweighed by the danger of unfair prejudice. Subject to the foregoing limitations, the Court finds evidence of Defendant's status as a probationer admissible under D.R.E. 404(b) to show Defendant's identity and intent on the charge of Resisting Arrest.

Although the State argues that Defendant's status as a probationer is also admissible to show his identity and intent with regard to the Drug Dealing and Aggravated Possession charges, the Court finds this evidence excludable under D.R.E. 403.

---

[14] 706 A.2d 502, 506–07 (Del. 1998).

For the foregoing reasons, the State's Motion *in Limine* is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

Very truly yours,

Jan R. Jurden
President Judge

JRJ:mls

cc:     Prothonotary

4