# SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

January 19, 2018

William H. Leonard, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Jonathan Layton, Esquire
Layton & Associates, P.A.
The Buckner Building
1308 Delaware Avenue, Suite 8
Wilmington, DE 19806

Re:  ***State of Delaware v. Frank Verna***
     **I.D. No. 1606010047**

Dear Counsel:

This is the Court's ruling on the State's Motion *in Limine* to Admit 404(b) Evidence Concerning Prescription Drug Usage ("Motion") in the above-captioned case. For the reasons stated below, the State's Motion is **GRANTED.**

### *Factual and Procedural Background*

Defendant Frank A. Verna ("Defendant") is charged with two counts of Robbery First Degree. On March 29, 2016, Defendant is alleged to have robbed the Chestnut Hill Plaza Rite Aid Pharmacy in Newark, Delaware, stealing a full bottle of Percocet/Oxycodone and a half bottle of Xanax pills. As part of the investigation in to the robbery, detectives interviewed several witnesses including Defendant's girlfriend Judith Turner ("Turner"), Defendant's sister Lynn Verna ("Lynn"), and Defendant's ex-wife Christina Verna ("Christina"). The State seeks to admit testimonial evidence from these three witnesses concerning their personal knowledge of Defendant's prescription drug usage and alleged misuse.

Broken down by each witness, the proffers made by the State are as such:

As to Lynn, the State seeks to present that Defendant lived with her for a six-week period following the separation of Defendant and Christina in January 2015. It is expected that Lynn would testify to her personal knowledge of Defendant's use of the prescription medications Percocet and Xanax. The State seeks to admit several incidents that Lynn observed during that time, including, to wit: Defendant's mood swings, prolonged use of the bathroom and a powdery residue left on the bathroom counter, and frequent requests for saline solution.

As to Turner, the proffer begins with evidence that Turner dated Defendant from July 2015 until October 2016. The State seeks to present Turner's personal knowledge of Defendant's prescriptions for opiates, Xanax, and Adderall and knowledge of Defendant's doctor visits for those prescriptions. It is expected that Turner would testify to several incidents that occurred during that time, and her observations that included Defendant's multiple instances of him passing out or falling asleep, slurring of speech, and prolonged use of the bathroom with audible snorting of presumably a powdered substance.

As to Christina, the State wishes to present evidence that she was married to Defendant from 1999 until 2015. It is expected that Christina would testify to her personal knowledge of Defendant's usage of prescribed opiates, Xanax, and Adderall and Defendant's frequent change in doctors. The State expects to present evidence concerning several incidents that occurred at the end of Defendant and Christina's marriage, including, to wit: Christina finding straws with powdery residue, Defendant's prolonged use of the bathroom, Defendant's frequent requests for saline solution, and Defendant passing out.

To the extent the evidence is redundant or cumulative, the Court will consider this issue separately at trial. For now, the issue is presented under 404(b).

### *Contentions of the Parties*

The State and Defendants presented their arguments in writing and at a hearing. The Court reserved decision on this matter and allowed for supplemental briefing on this issue.

The State argues that the proffered testimony is 404(b) evidence for the proper purpose of establishing motive or identity. The State argues that this testimony is not substantially outweighed by the potential for prejudice and that any potential

prejudice can be properly addressed through a limiting instruction. Defendant disagrees and states that the proposed testimony is not proper 404(b) evidence, since it does not involve a "prior bad act" or crime.

### *Standard of Review*

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."[1] "Thus, evidence relating to a party's uncharged bad acts is not admissible to prove propensity or 'support a general inference of bad character.' But the same evidence may be admissible 'when it has "independent logical relevance" and when its probative value is not substantially outweighed by the danger of unfair prejudice.'"[2]

The State bears the burden of proving the admissibility of evidence generally proscribed under D.R.E. 404(b).[3] Under Delaware law, where the State seeks to introduce evidence under D.R.E. 404(b), the six-factor *Getz v. State*[4] test applies.[5] The application of these factors to the purported D.R.E. 404(b) evidence is within the discretion of the trial court and reviewed under an abuse of discretion standard.[6]

### *Discussion*

Defendant asserts that the evidence the State wishes to present does not qualify as a "prior bad act" and therefore is not proper 404(b) evidence. By D.R.E. 404(b)'s plain text, however, the rule does not only apply to "bad acts," but rather

---

[1] D.R.E. 404(b).

[2] *Morse v. State*, 120 A.3d 1, 8 (Del. 2015) (footnotes omitted) (quoting *Getz v. State*, 538 A.2d 726, 730 (Del. 1988)).

[3] *See, e.g., Taylor v. State*, 777 A.2d 759, 764 (Del. 2001).

[4] 538 A.2d 726 (Del. 1988).

[5] *See Morse*, 120 A.3d at 8.

[6] *See id.* at 9.

"[o]ther crimes, wrongs or acts."[7] D.R.E. 404(b) references *all* acts by its plain text. While the "other act" can be a crime or wrong, it need not be unlawful or wrongful to be admissible. On at least two prior occasions, Delaware courts have performed a 404(b) analysis on a neutral "other act."[8]

The following factors are part of the *Getz* analysis:

1. The evidence of other crimes must be material to an issue or ultimate fact in dispute in the case. If the State elects to present such evidence in its case-in-chief it must demonstrate the existence, or reasonable anticipation, of such a material issue.[9]
2. The evidence of other crimes must be introduced for a purpose sanctioned by Rule 404(b) or any other purpose not inconsistent with the basic prohibition against evidence of bad character or criminal disposition.[10]
3. The other crimes must be proved by evidence which is "plain, clear and conclusive."[11]
4. The other crimes must not be too remote in time from the charged offense.[12]
5. The Court must balance the probative value of such evidence against its unfairly prejudicial effect, as required by D.R.E. 403.[13]
6. Because such evidence is admitted for a limited purpose, the jury should be instructed concerning the purpose for its admission as required by D.R.E. 105.[14]

---

[7] D.R.E. 404(b).

[8] *See Joynes v. State*, 797 A.2d 673, 677 (Del. 2002) (determining that rap lyrics composed by defendant were admissible as "other acts" evidence to show intent or state of mind); *State v. Tolson*, 2005 WL 147918, at *1 (Del. Super. Ct. Jan. 3, 2005) (determining that rap lyrics composed by defendant were not admissible as evidence of defendant's state of mind or intent because the lyrics did not contain specific enough references relating to charged crime).

[9] *Getz*, 538 A.2d at 734.

[10] *Id.*

[11] *Id.* (quoting *Renzi v. State,* 320 A.2d 711, 712 (Del. 1974)).

[12] *Id.*

[13] *Id.*

[14] *Getz*, 538 A.2d at 734 (footnote omitted) (emphasis added)

*Deshields v. State* further elucidates the relevant factors for the Court to consider when addressing the fifth *Getz* factor:

> (1) the extent to which the point to be proved is disputed;
> (2) the adequacy of proof of the prior conduct;
> (3) the probative force of the evidence;
> (4) the proponent's need for the evidence;
> (5) the availability of less prejudicial proof;
> (6) the inflammatory or prejudicial effect of the evidence;
> (7) the similarity of the prior wrong to the charged offense;
> (8) the effectiveness of limiting instructions; and
> (9) the extent to which prior act evidence would prolong the proceedings.[15]

The following is the analysis under the six-factor *Getz v. State* test:

First, the Court finds that the testimony is material to an issue or ultimate fact in dispute. "Evidence is material if it tends, of itself or in connection with other evidence, to influence the result reached by the jury."[16] The evidence is relevant since Defendant is prescribed and allegedly misuses the very prescription medications that were stolen during the robbery.

Second, the Court carefully examines the offer of proof and finds that the testimony has been introduced for the proper 404(b) purposes of identity and possible motive for committing the robbery.

Third, the Court finds that the proposed testimony is "plain, clear, and conclusive."[17] The testimony is personal knowledge from those very closely related or familiar with the Defendant.[18] The Court was not previously convinced by

---

[15] *Id.* at 506–07 (quoting Graham C. Lilly, *An Introduction to the Law of Evidence* § 5.15, at 177–78 (3d ed. 1996)).

[16] *Lloyd v. State*, 604 A.2d 418, 1991 WL 247737, at *2 (Del. Nov. 6, 1991) (TABLE).

[17] *Getz*, 538 A.2d at 734 (quoting *Renzi v. State*, 320 A.2d 711, 712 (Del. 1974)).

[18] *See Morse v. State*, 120 A.3d 1, 10 (Del. 2015) (eyewitness testimony is normally sufficient to satisfy the plain, clear, and conclusive standard under D.R.E. 404(b)).

Defendant's argument that such testimony requires an expert. The State is not seeking an opinion concerning a diagnosis of addiction, but rather eyewitness testimony concerning Defendant's use and potential misuse of certain prescribed medications. It is up to the trier of fact to determine whether such evidence makes it more or less likely that the Defendant was the individual who committed the crime or gives the Defendant a motive for committing the charged crime.

Fourth, the evidence is not too temporally remote in time. Most of the testimony concerns events that occurred during 2015 and 2016, in the year prior to and leading up to the charged offense.

Fifth, the Court finds that this testimony is not unduly prejudicial under D.R.E. 403 and *Deshields*. Under *Deshields*, this Court finds that (1) the evidence is going to be disputed by the Defendant; (2) proof of the prior conduct is adequate— these are eyewitnesses who will present consistent testimony; (3) the evidence is probative of a possible motive and identity and there is a sufficient nexus between the alleged misuse of prescription medications and a robbery of those medications; (4) the State requires this evidence to show motive; (5) there is some less prejudicial proof regarding identity, but not motive; (6) this evidence is potentially prejudicial, but not unduly prejudicial; (7) the same medications are involved, showing similarities; (8) a limiting instruction will be effective; and (9) all of these witnesses were already expected to take the stand so as not to unnecessarily prolong the proceedings.

Our Supreme Court has found that prior illegal drug use is not unduly prejudicial under a 404(b) analysis.[19] If the probative value of illegal drug use is not substantially outweighed by its potential for prejudice, then it stands to reason that the use or alleged misuse of prescription medication is not unduly prejudicial. This evidence also seems heavily probative and not unduly prejudicial because it has the potential to cut both ways. The trier of fact may weigh the evidence and find it is actually less likely that Defendant committed the offense of robbery because he had a legal source for all his medications.

Sixth, a jury instruction that specifies the limited purpose of the evidence offered will satisfy Defendant's concerns.

Under a *Getz* analysis, the State has met its burden and the evidence is

---

[19] *See Ruiz v. State*, 820 A.2d 372, 2003 WL 1824850, at *4 (Del. Apr. 1, 2003) (TABLE).

admissible. The evidence has "independent logical relevance" and its probative value is not substantially outweighed by the danger of unfair prejudice.[20]

### *Conclusion*

For the foregoing reasons, the Court finds that the State has met its burden to show the admissibility of evidence describing Defendant's use and alleged misuse of prescription medications under either D.R.E. 404(b) or D.R.E. 403. Therefore, the State's Motion is **GRANTED.**

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Office of Investigative Services

---

[20] *See Morse v. State*, 120 A.3d 1, 8 (Del. 2015).