Antonio TAYLOR, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 269, 1995.

Supreme Court of Delaware.

Submitted: Sept. 24, 1996.
Decided: Oct. 21, 1996.

[redacted]

[redacted]

[redacted]

[redacted]

Jerome M. Capone, Wilmington, David W. Jones of Brown, Shiels & Chasanov, Dover, for Appellant.

Sam Glasscock III, Deputy Attorney General, Dover, for Appellee.

Before VEASEY, C.J., HARTNETT and BERGER, JJ.

VEASEY, Chief Justice:

In this appeal from convictions for Murder First Degree, Burglary Second Degree, Possession of a Deadly Weapon during the Commission of a Felony, and Violation of Conditions of Bond, we consider whether a bailiff's *ex parte* communication with a jury constitutes grounds for a new trial.

We hold that the complained-of communication, while it should have been reported promptly to the trial court, amounted to harmless error and caused no prejudice to the defendant. Accordingly, we AFFIRM the trial court's denial of the defendant's motion for new trial.

### *Facts*

Antonio Taylor, defendant-below, appellant ("Taylor"), was arrested for menacing his girlfriend, Toni A. Young ("Young"). Upon his release on $500 bond and the condition that he would have no contact with Young, Taylor returned to Young's apartment, where Taylor had been living prior to his arrest. Young was staying next door with her aunt, Carolyn McCray ("McCray"). Taylor went to McCray's apartment and pleaded with McCray to let him speak with Young. McCray refused, telling Taylor that Young did not want to talk to him. By cutting his way through drywall, Taylor broke into Young's apartment, the locks of which Young had changed that day.

The next morning, on April 30, 1994, McCray called the Delaware State Police to search Young's apartment for Taylor. Police did not find Taylor, who was hiding under Young's bed. As the police left, Young entered her apartment to get fresh clothes for

herself and her baby, of whom Taylor was the father. Taylor chased Young out of the apartment, and stabbed her. Four officers of the Delaware State Police witnessed Taylor stabbing Young. That afternoon, Young died as a result of the wounds. As Taylor knew, Young was pregnant with Taylor's child.

At trial, Taylor's position was that he had stabbed Young while acting under the influence of extreme emotional distress, which reduced his crime from intentional murder to manslaughter. Taylor also asserted that he had no intention to commit a felony when he entered the apartment and therefore could not be guilty of either felony murder or burglary. On May 8, 1995, at about 12:40 p.m., the jury began its deliberations, and at approximately 8:45 p.m. returned a verdict finding Taylor guilty of all of the charges against him.

On May 10, 1995, the second day of the penalty phase of Taylor's trial, the bailiff, who was also the chief of security, disclosed to the trial judge that, during the guilt phase, the bailiff had failed to notify the trial court of an oral request by the jury for a copy of Taylor's testimony. The record does not indicate what prompted the bailiff to come forward. The Superior Court promptly informed counsel. In order to explore these facts more fully, the trial judge met with counsel in chambers and had the bailiff describe, under oath, the incident.

The bailiff testified that, during deliberations on May 8 at approximately 3:30 p.m., the foreperson made an oral request to the bailiff for a transcript of Taylor's testimony. The bailiff denied the request, in part because he felt that it had been made in a "joking manner." The jury returned to its deliberations, and never submitted a written request to the Superior Court as the jury previously had been instructed to do.

Following the bailiff's testimony, defense counsel moved for a new trial on the basis that the communication between the bailiff and the jury harmed Taylor. The Superior Court denied the motion, finding the error harmless because the Superior Court would have denied the jury's request had it been executed properly.

### Standard and Scope of Review

■ The decision whether to grant a motion for new trial is within the sound discretion of the trial court. This decision may be overturned only if there was an abuse of discretion.[1]

### Analysis

■ Not every error which takes place during trial is ground for reversal. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded" as harmless error.[2] Super.Ct.Crim.R. 52(a).

We have no doubt that the error in this case was harmless beyond a reasonable doubt. In ruling on the motion for new trial, the Superior Court indicated that it would have denied the jury's request, had it been communicated properly. In arriving at this conclusion, the Superior Court noted that any denial of a jury request for a transcript of testimony usually is based upon a limited two-fold rationale: (1) that such a request may slow the trial where the requested testimony is lengthy; or (2) that, when reading only a portion of the testimony, the jury may give undue weight to that portion.[3]

As the Superior Court found, both of these rationales were present in this case. First, the transcript of Taylor's testimony numbered more than three hundred pages, and its compilation for the jury would have resulted in unreasonable delay in the course of trial. Second, the exculpatory portion of

**1.** *Styler v. State,* Del.Supr., 417 A.2d 948, 953 (1980); *Boyd v. State,* Del.Supr., 389 A.2d 1282, 1289 (1978).

**2.** *Washam v. State,* Del.Supr., 235 A.2d 279, 281 (1967). *Accord United States v. Jonnet,* 3d Cir., 762 F.2d 16, 19 (1985) (applying the harmless error standard of Fed.R.Crim.P. 52(a)); *Van Arsdall v. State,* Del.Supr., 486 A.2d 1, 10 (1984) (trial judge's contact with the jury in driving several jurors to their overnight accommodations was harmless beyond a reasonable doubt), *vacated on other grounds,* 524 A.2d 3 (1987).

**3.** *United States v. Rabb,* 3d Cir., 453 F.2d 1012, 1013–14 (1971).

Taylor's testimony involved the issue of extreme emotional distress, an issue which the prosecution contested through the testimony of several witnesses. Therefore, as the trial court found, providing a transcript of Taylor's testimony "would have given undue emphasis and credence to his version and would have resulted in a failure of the jury to consider the testimony as a whole."

The Superior Court's attentive handling of this matter and complete and thoughtful analysis in arriving at its conclusion to deny Taylor's motion underscores the Superior Court's competence to decide a motion that is within its sound discretion. That the trial court exercised this discretion after the error had occurred is irrelevant. Moreover, there is absolutely no indication in the record that the jury encountered any difficulty in reaching its verdict as a result of having been denied Taylor's transcript.[4]

### Conclusion

The complained-of communication should have been reported. Failure to do so under these circumstances was harmless and caused no prejudice to Taylor. We **AFFIRM** the judgment below.

---

4. *Commonwealth v. Elmore,* 508 Pa. 81, 494 A.2d 1050, 1053 n. 4 (1985).