Derrick FULLER, Defendant
Below, Appellant,

STATE of Delaware Plaintiff
Below, Appellee.

No. 38, 2004.

Supreme Court of Delaware.

Submitted: Sept. 8, 2004.
Decided: Oct. 29, 2004.
Corrected Nov. 9, 2004.

Bernard J. O'Donnell, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, for Appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

RIDGELY, Justice.

Derrick Fuller appeals his convictions by a jury and sentences imposed by the Superior Court for the offenses of possession of cocaine,[1] possession of drug paraphernalia[2] and maintaining a vehicle for the purpose of keeping a controlled substance.[3] Fuller was acquitted on the

1. DEL. CODE ANN. Tit. 16, § 4753 (2004).

2. *Id.* at § 4771.

3. *Id.* at § 4755(a)(5).

charge of trafficking in cocaine.[4] The trial judge sentenced Fuller to five years of imprisonment, the maximum incarceration available.

Fuller has raised five issues in this appeal. He contends that the trial judge abused his discretion by: 1) denying his motion for a mistrial after the trial judge struck certain testimony, 2) admitting statements of skepticism by a police officer during the course of Fuller's statement to the police, 3) limiting cross-examination of a police officer on his intention to arrest Fuller's brother, 4) instructing the jury on joint possession of a controlled substance, and 5) enhancing Fuller's sentence because of his brother's perjury at the trial. We find no basis to reverse the convictions in this case. We do conclude that there is insufficient competent evidence in the present record to support any finding that Fuller suborned the perjury by his brother. We therefore vacate Fuller's sentences and remand for resentencing.

## I.

On the afternoon of May 2, 2003, Fuller's vehicle was stopped by the Wilmington Police Department. Fuller was the driver and owner of the vehicle. The police removed Fuller and a passenger from the vehicle and then searched it. The police found two plastic bags containing 20.32 grams of crack cocaine hidden underneath the carpeted floormat in the trunk of the vehicle. The police also found $114 in Fuller's pant pockets. The police then searched Fuller's apartment and seized $800 from his bedroom.

At trial, the State's key witness was Officer David Rosenblum, the chief investigating officer. Officer Rosenblum testified to the events leading up to the stop, the search of Fuller's vehicle, as well as statements made by Fuller. Ean Fuller, Derrick Fuller's younger brother, testified for the defense that he was living with his brother at the time of the arrest and that he had hidden the cocaine in Derrick Fuller's vehicle without his knowledge. Fuller, who did not testify at his trial, was acquitted of the trafficking in cocaine charge, but was convicted of possession of cocaine, maintaining a vehicle for the purpose of keeping cocaine and possession of drug paraphernalia.

After his trial testimony, Ean was arrested on the same drug charges previously filed against his brother. Ultimately those charges were dropped and Ean pled guilty instead to committing perjury at Fuller's trial. He did not implicate Fuller or anyone else in the subornation of his perjury.

At Fuller's sentencing the prosecutor argued several aggravating factors, and also asserted that Fuller "knew his brother was going to lie."[5] Fuller made no statements about his brother's perjury on the instruction of his counsel. Although Fuller did not testify, the trial judge found that Fuller "at the very least, would have been aware of what his younger brother was doing" and "at the very least, allowed his brother to [commit perjury]."[6] The trial judge expressly indicated that it was Ean's perjury that justified the sentence he imposed, and that Fuller's sentence would not have been as severe if the trial judge were not allowed to consider Ean's perjured testimony.[7]

---

4. *Id.* at § 4753A(a)(2)(a).

5. Sentencing Transcript of Derrick Fuller on January 9, 2004 at 13.

6. *Id.* at 13.

7. *Id.* at 24 The trial judge stated:

> If the Court did not take that [Ean's perjury] into consideration, the Court would impose an enhanced sentence based on Mr. Fuller's background and, specifically, his

## II.

We will address the issues raised in the order Fuller has presented them.

### A.

■■■■ Fuller argues that the trial judge abused his discretion by denying his motion for a mistrial after Officer Rosenblum made a non-responsive prejudicial remark on direct examination by the State. Officer Rosenblum testified that Fuller was arrested at gunpoint because the police received information that Fuller was "probably armed." Defense counsel objected to this statement. The trial judge immediately and *sua sponte* instructed the jury to disregard Officer Rosenblum's remark, and even told the jury there was no reason to believe it.[8] Fuller moved for a mistrial, which was denied. Fuller argues that a mistrial should have been granted because Officer Rosenblum's testimony was unfairly prejudicial and deprived him of a fair trial. We review for abuse of discretion a trial judge's decision to deny a motion for a mistrial.[9] It is well settled that a mistrial is warranted only if "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."[10] In fact, prejudicial error will normally be cured by the trial judge's instructions to the jury.[11] Moreover, "[t]he trial judge is in the best position to assess whether a mistrial should be granted, and may exercise his discretion in deciding whether to grant a mistrial. Absent an abuse of that discretion, the appellate court will not disturb the trial judge's decision."[12]

In the present case, we find that defense counsel's objection and the trial judge's instruction to the jury to disregard Officer Rosenblum's statement mitigated the effects of the comment and cured the error.[13] The jury is presumed to have followed the trial judge's instruction and disregarded Officer Rosenblum's stricken testimony.[14]

---

serious history of criminal convictions. But so the record is clear, in case it has to be revisited, if the Court were not allowed to take into consideration this situation involving Ean Fuller's perjury on Derrick Fuller's behalf, then the sentence would not be as severe as the one the Court is going to impose.

8.  Transcript of Trial Proceedings on October 7, 2003 at 105. The trial judge instructed: Ladies and gentlemen of the jury, I don't know where this suggestion that the defendant was probably armed came from. I've spoken to the attorneys before the case began. That just comes out of left field. There's no reason for you to believe that there's some reason why, at that time, the police thought the defendant was armed and that kind of innuendo is unacceptable and you are to ignore it. There is no basis for the police to believe that this particular defendant was armed. Now, what they said over the radio, that's one thing, but in terms of now that we're in a courtroom, was there a reason to believe that the defendant was armed, there was none.

9.  *Ashley v. State*, 798 A.2d 1019, 1022 (Del. 2001) (citing *Taylor v. State*, 685 A.2d 349, 350 (Del.1996)).

10. *See Fanning v. Superior Court*, 320 A.2d 343, 345 (Del.1974). *See also Dawson v. State*, 637 A.2d 57, 62 (Del.1994) ("A mistrial is mandated only when there are 'no meaningful and practical alternatives' to that remedy.") (quoting *Bailey v. State*, 521 A.2d 1069, 1077 (Del.1987)).

11. *Dawson*, 637 A.2d at 62 (citing *Sawyer v. State*, 634 A.2d 377, 380 (Del.1993); *Diaz v. State*, 508 A.2d 861, 866 (Del.1986)).

12. *Bowe v. State*, 514 A.2d 408, 410 (Del. 1986) (citing *Thompson v. State*, 399 A.2d 194, 199 (Del.1979)).

13. *Cf. Boatson v. State*, 457 A.2d 738, 743 (Del.1983); *Edwards v. State*, 320 A.2d 701, 703 (Del.1974).

14. *Claudio v. State*, 585 A.2d 1278, 1280 (Del. 1991); *Kornbluth v. State*, 580 A.2d 556, 560 (Del.1990).

Accordingly, we hold that the trial judge properly exercised his discretion in deciding that a curative instruction was a meaningful and practical alternative to declaring a mistrial.

### B.

■ Fuller's next argument is that the trial judge erred by admitting Officer Rosenblum's pre-trial comment during questioning of Fuller that showed skepticism regarding Fuller's initial explanation of why the drugs were in his vehicle. At trial Officer Rosenblum testified that following Fuller's arrest and a waiver of his *Miranda*[15] rights, Fuller explained that the drugs actually belonged to a Colombian drug lord who performed work on his vehicle. Officer Rosenblum testified that he had asked Fuller if he wanted to go with that story, and Fuller then shrugged his shoulders and asserted that the cocaine was not his. Defense counsel objected to the admissibility of Officer Rosenblum's skeptical response to Fuller's explanation. The trial judge overruled the objection but nevertheless instructed the jury that Officer Rosenblum's "belief is irrelevant."[16] Citing *Doyle v. Ohio*[17] and *MacDonald v. State*,[18] Fuller suggests that the trial judge's limiting instruction was not sufficient to address the potential prejudice of Officer Rosenblum's statement and that the officer's statement should not have been admitted because it unfairly subverted Fuller's constitutional right to remain silent.

■ We review a trial judge's ruling admitting or excluding evidence for abuse of discretion.[19] Here, the trial judge did not abuse his discretion in allowing the jury to hear the complete exchange between Fuller and Officer Rosenblum during the investigation. Moreover, the trial judge cured any prejudice by instructing the jury that Officer Rosenblum's belief was irrelevant and that it was for them to decide what to believe.[20] It is presumed that the jury complied with the trial judge's instruction.[21]

Furthermore, Fuller's reliance on *Doyle* is not persuasive. In *Doyle*, the defendants chose to remain silent upon their arrest and receipt of their *Miranda* warnings.[22] The defendants testified at trial that they had been framed in the drug transactions at issue.[23] The prosecution impeached the defendant's testimony on cross-examination as a result of their failure to tell the "frame up" story to the narcotics agent who arrested them and gave them *Miranda* warnings.[24] The United States Supreme Court held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and

---

**15.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**16.** Transcript of Trial Proceedings on October 7, 2003 at 133.

**17.** 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (holding that it is unfair and a deprivation of due process to use the defendant's silence to impeach their explanation at trial).

**18.** 816 A.2d 750, 753 (Del.2003) (referencing the well settled principle that a "criminal defendant's silence may not be used against him after he has received governmental assurances through *Miranda* warnings.").

**19.** *Howard v. State*, 549 A.2d 692, 693 (Del. 1988).

**20.** Transcript of Trial Proceedings on October 7, 2003 at 133.

**21.** *Claudio*, 585 A.2d at 1280; *Kornbluth*, 580 A.2d at 560.

**22.** *Doyle*, 426 U.S. at 613–14, 96 S.Ct. 2240.

**23.** *Id.*

**24.** *Id.*

after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment."[25] In essence, *Doyle* forbids comment on a defendant's post-Miranda silence.[26] In this case, however, Fuller waived his *Miranda* rights and made a statement to Officer Rosenblum. Therefore, *Doyle* is inapplicable in the instant case. Fuller's reliance on *MacDonald* is also inapplicable for the same reasons.

We therefore hold that the trial judge, in conjunction with his limiting instruction, properly exercised his discretion in permitting Officer Rosenblum to testify regarding his conversation with Fuller about his explanation of why the drugs were in his vehicle.

### C.

█ Fuller next argues that the trial judge abused his discretion by precluding the defense from cross-examining Officer Rosenblum about his intention to arrest Ean after Ean testified that he, not Fuller, was the possessor of the cocaine. Before Ean testified, defense counsel was informed by the State that the Wilmington Police Department intended to arrest Ean

after he testified, presumably on drug charges.[27] Following Ean's testimony, defense counsel called Officer Rosenblum as a witness, at which time the following dialogue took place:

Q. Officer Rosenblum, did you learn of Ean Fuller's possible testimony yesterday?

A. Yes.

Q. And at that time, did you use your cellphone and other communication devices to call for assisting officers to arrest Ean Fuller after his testimony?

A. At the request of——.[28]

The State objected to this line of inquiry before Officer Rosenblum could answer completely. The trial judge sustained the objection, ruling that this line of inquiry was irrelevant, would be an inefficient use of the court's time and would confuse the jury.[29] The trial judge also instructed the jury to disregard defense counsel's question and the partial answer given by Officer Rosenblum.

Fuller relies on D.R.E. 616,[30] *Snowden v. State*,[31] and *Weber v. State*[32] in arguing

25. *Id.*

26. *Doyle,* 426 U.S. at 613–14, 96 S.Ct. 2240.

27. Transcript of Trial Proceedings on October 7, 2003 at 9–11.

28. Transcript of Trial Proceedings on October 7, 2003 at 58.

29. Transcript of Trial Proceedings on October 7, 2003 at 59. The trial judge stated:

    It's too collateral and too amorphous. It invites a mini trial on who made the decision, what the basis of that decision was. We can't get into that in front of the jury because it's confusing and an inefficient use of time. If we don't have this mini trial for why the police attempted to do what they apparently attempted to do, then the jury has to speculate about that. So, what it winds up is simply being a form of innuen-

    do, and it really is beside the point as to whether the State has proved beyond a reasonable doubt through the presentation of evidence to that effect that the defendant did certain things on certain days.

30. D.R.E. Rule 616. This rule states: "For the purpose of attacking the credibility of a witness, evidence of bias, prejudice or interest of the witness for or against any party to the case is admissible."

31. 672 A.2d 1017, 1025 (Del.1996) ("The bias of a witness is subject to exploration at trial and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'").

32. 457 A.2d 674, 681 (Del.1983) (requiring that "counsel be permitted to inquire into any acts, relationships, or motives reasonably likely to create bias.").

that the rejected line of inquiry went toward Officer Rosenblum's bias and interest and was therefore admissible. Fuller contends that the defense should be permitted to question a police officer concerning his bias, motivation and interest where a police officer is a witness and is prepared to arrest and charge two people for committing an offense, but the State contends that only one person has committed the offense.

We find that the defense's proposed line of inquiry was not directed toward any bias on the part of Officer Rosenblum but, rather, sought to elicit a conclusion or an opinion of the police that Ean's admissions were credible. It was for the jury, not Officer Rosenblum, to decide the credibility of the witness. We also note that Ean made a full confession on the witness stand that the drugs were his. Any error in precluding the admission of evidence of Ean's impending arrest in this case was clearly harmless beyond a reasonable doubt.[33] Ean testified to his possession of the drugs and additional evidence of his impending arrest would have amounted to little more than surplusage.[34]

### D.

Fuller next argues that the trial judge erred in instructing the jury on the concept of joint possession of a narcotic substance. The trial judge instructed the jury that "[t]wo or more people may have joint possession of a narcotic drug, if jointly and knowingly, they have dominion, control and possession ...."[35] Fuller argues

that there was insufficient evidence to find joint control in this case, and that such an instruction invited unnecessary jury confusion. As evidence of such confusion, Fuller points to the fact that the jury acquitted him on the charge of trafficking in cocaine but convicted him for possession of the very same cocaine.

"The decision whether to give a particular jury instruction lies in the sound discretion of the trial court, and will not be reversed absent an abuse of discretion."[36] "A trial court's charge to the jury will not serve as grounds for reversible error if it is 'reasonably informative and not misleading, judged by common practices and standards of verbal communication.'"[37]

We hold that the jury instruction on joint possession was supported by the evidence for two reasons. First, there was Fuller's initial statement to the police that the cocaine belonged to a Colombian drug lord who had performed work on his vehicle. Although Fuller denied ownership of the drugs, it can reasonably be inferred from this statement that Fuller knew that the cocaine was in his vehicle and hence in his possession. Second, a rational fact finder could accept Ean's testimony that the drugs partly belonged to Ean yet also rejected Ean's testimony that Fuller had no knowledge of the drugs. Thus, there was sufficient evidence for the trial judge to instruct the jury on the concept of joint possession.

33. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

34. *Reynolds v. State*, 424 A.2d 6, 7 (Del.1980).

35. Transcript of Trial Proceedings on October 7, 2003 at 149–50.

36. *Price v. State*, No. 367, 1995, 1996 WL 526013, at *2, 1996 Del. Lexis 318, at *5 (Del.

Aug. 19, 1996) (citing *Sheeran v. State*, 526 A.2d 886, 893 (Del.1987)).

37. *Probst v. State*, 547 A.2d 114, 119 (Del. 1988) (citing *Baker v. Reid*, 57 A.2d 103, 109 (Del.1947) (quoting *Flamer v. State*, 490 A.2d 104, 128 (Del.1984))).

■ We also reject Fuller's contention that the joint possession jury instruction confused the jury, thereby resulting in an inconsistent verdict. The fact that the jury acquitted him of trafficking in cocaine but convicted him for possession of the very same cocaine does not compel the conclusion of jury confusion. After a careful review of the record, we are satisfied that there was sufficient evidence to support Fuller's convictions and that his acquittal on the charge of trafficking in cocaine is explainable simply as a matter of jury lenity.[38] Moreover, jury verdicts are insulated from judicial review on the basis of inconsistencies.[39]

### E.

■ We now turn to the sentencing issue. The trial judge imposed a sentence of five years imprisonment for Fuller's three convictions on the ground that Fuller at a minimum knew of his brother's false testimony and allowed it at his trial.[40] Fuller contends that the trial judge erred by enhancing his sentence because the trial judge impermissibly considered Ean's perjured testimony as a determinative sentencing factor, that Fuller had a Fifth Amendment right to remain silent, and

that there was no evidence presented that Fuller had suborned perjury or committed fraud.[41]

■ We begin our analysis by noting that a trial judge is permitted to consider a defendant's perjury or obstruction of justice as a sentencing factor.[42] The question before us is whether there was competent evidence, and whether the requisite findings appear in the present record, to support the trial judge's decision to enhance Fuller's sentence on the basis that Ean committed perjury while testifying at Fuller's trial. Absent any evidence in the record to link Fuller to the commission of that offense, we must answer this question in the negative.

■ With certain exceptions involving mandatory sentences, Delaware has an indeterminate sentencing system. Although there are voluntary sentencing guidelines, the sentencing judge is not bound by them.[43] The sentencing judge need only state his reasons for imposing a sentence outside the guidelines.[44] We review a sentence of a criminal defendant for abuse of discretion.[45] Our review of a sentence "generally ends upon determination that the sentence is within the statuto-

38. *Tilden v. State*, 513 A.2d 1302, 1307 (Del. 1986).

39. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

40. *See supra* note 5 and accompanying text. We note that the trial judge made no conclusion that Fuller's lawyer knowingly participated in an obstruction of justice.

41. No conduct is a crime unless defined by the Delaware Criminal Code or another law. "Suborning perjury" is not identified as a crime in the Delaware Criminal Code by that phrase. Our use of the term "suborning perjury" in this opinion is simply a reference to liability for the conduct of another under DEL. CODE ANN. tit. 11, § 271 (2004).

42. *See* Jean E. Maess Annotation, *Propriety of Sentencing Judge's Consideration of Defendant's Perjury or Lying in Pleas or Testimony in Present Trial*, 34 A.L.R.4th 888. (1984).

43. *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

44. DEL. CODE ANN. tit. 11, § 4204(m) (2004).

45. *See Boo'ze v. State*, No. 331, 2003, 2004 Del. Lexis 145, at *9 (Del. Jan. 12, 2004). *See also Fink v. State*, 817 A.2d 781, 790 (Del. 2003) ("This Court reviews sentencing of a defendant in a criminal case under an abuse of discretion standard.").

ry limits prescribed by the legislature."[46] "Thus, in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicia of reliability."[47] "In reviewing a sentence within the statutory range, this Court will not find error unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[48]

The United States Supreme Court has held that commission of perjury or obstruction of justice is a permissible sentencing factor in the federal system after guilt has been resolved.[49] The trial court must, however, "review the evidence and make independent findings necessary to establish willful impediment to or obstruction of justice, or an attempt to do the same ...."[50] The Supreme Court reasoned that "[t]he perjuring defendant's willingness to frustrate judicial proceedings to avoid criminal liability suggests that the need for incapacitation and retribution is heightened as compared with the defendant charged with the same crime who allows the judicial proceedings to progress without resorting to perjury."[51] In *Dunnigan*, the Supreme Court found that there was ample support for the district court's findings that the defendant committed perjury during his drug prosecution given the numerous witness who contradicted the defendant regarding so many facts on which the defendant could not have possibly been mistaken.[52] The Supreme Court further found that enhancing a defendant's sentence due to a defendant's perjured testimony at trial would not interfere with a defendant's right to testify because a defendant's right to testify does not include the right to commit perjury.[53]

■■■■■ It logically follows and we therefore hold that a defendant has no right to suborn perjury from a witness at his or her trial. Consistent with the United States Supreme Court decision in *Dunnigan*, we also hold that to enhance a defendant's sentence by reason of perjury committed by another person at trial, the trial judge must review the evidence and make independent findings necessary to establish willful impediment to or obstruction of justice, or an attempt to do the same through the perjury of another witness.[54] The trial judge must identify on the record at least some specific facts, not just conclusions, showing that the defendant engaged in such conduct.[55] The trial

**46.** *Boo'ze*, 2004 Del. Lexis 145, at *9 (citing *Mayes*, 604 A.2d at 843).

**47.** *Id.*

**48.** *Id.* (citing *Fink*, 817 A.2d at 790).

**49.** *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)

**50.** *Id.* at 95, 113 S.Ct. 1111 (citations omitted).

**51.** *Id.* at 97–98, 113 S.Ct. 1111.

**52.** *Id.* at 95–96, 113 S.Ct. 1111.

**53.** *Dunnigan*, 507 U.S. at 96, 113 S.Ct. 1111.

**54.** *See Mathews v. United States*, 11 F.3d 583, 587 (6th Cir.1993). *See also United States v. Sassanelli*, 118 F.3d 495, 500 (6th Cir.1997) (holding that a trial judge must "make independent findings that the defendant committed perjury" to enhance the defendant's sentence on this ground).

**55.** *See* DEL. CODE ANN. tit. 11, § 271 (2004). *Cf. Sassanelli*, 118 F.3d at 501 (holding that in the context of a defendant's perjury "the sentencing judge must identify for the record at least some specific instances of conflicting testimony and specify which portions of the

judge must also, at least briefly, explain or it must otherwise be apparent from the record why the subornation of perjury was material.[56]

In this case, the trial judge stated that he would not have enhanced Fuller's sentence to the maximum sentence allowed for the offenses, were it not for Ean pleading guilty to perjury at a separate proceeding. However, Ean's guilty plea to perjury does not establish *per se* that another person suborned his perjury. Nor does the fact that Fuller was convicted notwithstanding Ean's exculpating testimony establish that Fuller suborned perjury.

Unlike the facts in *Dunnigan*, the record here shows that Fuller remained silent during his trial. It is well established that no negative inference can be drawn against Fuller for his exercise of his Fifth Amendment right at trial.[57] Nor may any negative inference be drawn against Fuller for the exercise of his Fifth Amendment right at sentencing.[58] The record in this case does not show why the State did not obtain any statement from Ean about his perjury or anyone else's

involvement in suborning it. On the other hand, the record does show that the State presented no evidence that Fuller suborned perjury, nor did the trial judge make independent findings from competent evidence in the record to establish that Fuller willfully did so. While it is undisputed that Derrick Fuller and Ean Fuller are brothers, this family tie is not a permissible factor for sentence enhancement.[59]

## III.

Accordingly, we **AFFIRM** Fuller's convictions in the Superior Court for possession of cocaine, possession of drug paraphernalia and maintaining a vehicle for the purpose of keeping a controlled substance. We **VACATE** Fuller's sentences[60] and **REMAND** for resentencing in conformance with this opinion.[61] Jurisdiction is not retained.

---

defendant's testimony he finds materially perjurious.").

**56.** *United States v. Spears*, 49 F.3d 1136, 1143 (6th Cir.1995) (citations omitted). In the present case, the trial judge did explain his belief that Ean's perjury was the basis for Fuller's acquittal on the trafficking charge.

**57.** *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

**58.** *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999).

**59.** *Cf.* United States Sentencing Commission, Sentencing Guideline Manual § 5H1.4 (stat-

ing that family ties is an impermissible factor for departing from federal sentencing guidelines).

**60.** Because we have vacated the sentence for the reasons we have stated, we need not address in this appeal Fuller's argument that he was entitled to a jury determination that he suborned or acquiesced in perjury under *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**61.** We leave for the trial judge any determination in the first instance of whether he should recuse himself under *Los v. Los*, 595 A.2d 381 (Del.1991) so that another judge may sentence Fuller.