JEROME SULLINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 526, 2007.
Supreme Court of Delaware.
Submitted: January 25, 2008.
Decided: April 2, 2008.
Before HOLLAND, BERGER, and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 2nd day of April 2008, it appears to the Court that:
(1) Defendant-Appellant Jerome Sullins was convicted by a Superior Court jury of Trafficking in Heroin, Possession with Intent to Deliver Heroin, and Possession with Intent to Deliver Cocaine. Sullins motion for a new trial was denied. He argues on appeal that the Superior Court erred in failing to adequately limit the scope of the State's presentation of evidence concerning the circumstances of his arrest. We find no merit to his appeal and affirm.
(2) On March 17, 2005, Sullins was the target in an investigation being conducted by the Wilmington Police, wherein they set up a controlled purchase of heroin in the parking lot of a Ho-Ho Market.[1] After Sullins and his co-defendant Alfredo Ramos arrived in the parking lot, a confidential informant purchased heroin from Sullins. Following this transaction, Sullins left the scene and the police attempted to stop his car. Sullins did not stop fleeing from the police even after he ran into a car driven by another officer who was responding to the scene. Ramos, during the chase, threw drug evidence out of the passenger window. Sullins eventually abandoned the car and was apprehended as he attempted to enter a house. A later search of Sullins's home uncovered a digital scale, stamp kit, and empty plastic baggies.
(3) Prior to trial, Sullins moved to preclude any reference by the State to the drug transaction that took place with the confidential informant. The State agreed to explain the presence of the police in that location on the day in question by referring to an investigation in the area with surveillance without reference to Sullins, the target of the investigation, or the use of a confidential informant.
(4) During opening statements, the prosecutor explained to the jury that they would hear that the police were conducting surveillance of a Ho-Ho Market and that Sullins was the driver of a white Cadillac that had pulled into the parking lot. When the prosecutor said that the officers "made a decision to apprehend the driver of the car," Sullins's counsel objected and moved for a mistrial. The State denied that the phraseology tied in the surveillance that was going on to Sullins. The trial judge denied the motion for a mistrial, finding that if there was any error, it was slight. When the prosecutor continued, he told jurors that a decision was made to stop the car based on what was observed.
(5) Officer Robert Cunningham of the Wilmington Police testified for the State. Particularly, he testified that after Sullins was seen entering and exiting the Cadillac, he had broadcast over the radio a description of the Cadillac and the person who exited the Cadillac and got into the Mercury. A decision was then made by another detective to move in and stop the Cadillac. When asked by defense counsel how close Officer Cunningham was to the Cadillac, Officer Cunningham responded, "[d]uring the transaction? I was inside the store." Although no objection was made at this time, defense counsel later moved for a mistrial based on the use of the word "transaction." The trial judge ruled that "defense counsel [had] made the strategic, tactical decision not to pursue anything further after that `transaction' phraseology was uttered by Detective Cunningham in response to a defense question" and denied the motion.[2]
(6) Another prosecution witness, Detective Rentz, testified to his perspective of the surveillance and verified that Detective Cunningham was the "main surveillance" and other officers, including him, were in undercover vehicles and dressed in plain clothes. When asked by the State whether he was involved "in the investigation of Jerome Sullins," Detective Rentz answered that he was. The State also proffered that each of its witnesses were going to explain that they were assigned to the drug unit and were in plain clothes because they do undercover work.
(7) The jury convicted Sullins of Trafficking in Heroin, Possession with Intent to Deliver Heroin, and Possession with Intent to Deliver Cocaine. After his conviction, Sullins filed a Motion for a New Trial, which was denied by the trial judge. This appeal followed.
(8) On appeal, Sullins argues that the cumulative effect of the testimony was to lead the jury to recognize that Sullins was the target of an undercover investigation, which led to his subsequent arrest. Although his counsel sought to limit the extent of the surveillance evidence, Sullins argues that the effect of the testimony created a prejudicial set of circumstances that warrant a new trial. We review denials of a motion for a new trial for abuse of discretion.[3] Likewise, we review for abuse of discretion a trial judge's evidentiary rulings.[4]
(9) In his denial of Sullins's motion for a new trial, the trial judge found that "the introduction of evidence relating to the presence of the police officers and their reasons for being at the Ho-Ho Market was necessary background information because police presence at the Ho-Ho Market was `interwoven' into the sequence of events that unfolded."[5] The trial judge also concluded that the introduction of the evidence was not unfairly prejudicial and that the use of the word "transaction" did not give the jury access to knowledge they could not otherwise infer. The trial judge also found Sullins' objections to this evidence untimely.
(10) This Court has previously stated that "'[i]n criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct.'"[6] We find no abuse of discretion with how the Superior Court permitted the State to explain the police officers' presence on the scene or in denying the motion for a new trial.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The facts are summarized from the defendant's opening brief and the Superior Court's denial of Sullins's motion for a new trial. See State v. Sullins, 2007 WL 2083657 (Del. Super.).
[2] Sullins, 2007 WL 2083657, at *3.
[3] Sykes v. State,  A.2d , 2008 WL 343822, at *8 (Del.); Hicks v. State, 913 A.2d 1189, 1193 (Del. 2006); Burkett-Wood v. Haines, 906 A.2d 756, 764 (Del. 2006); Taylor v. State, 685 A.2d 349, 350 (Del. 1996).
[4] Manna v. State,  A.2d , 2008 WL 540957, at *3 (Del.); Jones v. State, 940 A.2d 1, 9 (Del. 2006); Smith v. State, 913 A.2d 1197, 1228 (Del. 2006); Wilmington Country Club v. Cowee, 747 A.2d 1087, 1092 (Del. 2000).
[5] Sullins, 2007 WL 2083657, at *5.
[6] McNair v. State, 1997 WL 753403, at *2 (Del. Supr.) (quoting Johnson v. State, 587 A.2d 444, 448 (Del. 1991)).