Percy **LAURY**, Jr. and George Porter, Defendants Below, Appellants,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Dec. 1, 1969.

**908**

Edward Z. Sobocinski, Asst. Public Defender, Wilmington, for defendants below, appellants.

John G. Mulford, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

On this appeal from robbery convictions, it is contended that admission of statements obtained from the defendants by police, and identification of the defendants by the victim, fatally tainted the convictions. We disagree.

I.

As to the statements: At the scene of the street-corner robbery, and within minutes thereafter, the police found the defendants there and questioned them without the usual *Miranda* warnings.* Immediately thereafter, the defendants were taken to the police station where they were promptly questioned again, this time with the required *Miranda* warnings. Exculpatory statements were given by the defendants at the police station substantially identical to those given by them at the scene of the crime. At the trial, the statements made at the scene were not admitted in evidence, but the statements made at the police station were. Objection is made to the admission of the latter statements on the ground that they were the "tainted fruit" of the first.

We find this thesis unacceptable. The practicalities of effective police investigation at the scene, immediately after the commission of a crime, require the police to have an unrestricted scope of general interrogation as to those found there. It is unreasonable to expect the police to perform their initial investigatory function at the scene of a crime under the restrictions of the *Miranda* rules. Neither the *Miranda* case, nor its progeny, require such restriction and we decline to extend the *Miranda* rules to the routine, initial, on-scene investigation by the police. To do so would amount, in our opinion, to an unwarranted "constitutional straight-jacket" on law enforcement. The *Miranda* rules are first applicable at the accusatory stage or during custodial interrogation. See Mathis v. United States, 391 U.S. 1, 88 S. Ct. 1503, 20 L.Ed.2d 381 (1968); Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). There is no showing

---

* In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that one in custody who is interrogated by officers about matters that may tend to incriminate him is entitled to be warned "that he has the right to remain silent,

that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."

in the instant case to establish that the controlling stage of accusation or custodial interrogation, as defined in the cited cases, had been reached as to these defendants when the investigating police officers' questions were put to them, and answered by them, at the scene of the crime.

We hold, therefore, that the earlier statements at the scene of the crime were not improperly obtained. It follows that the later statements made at the police station were not rendered inadmissible by reason of the earlier statements.

In addition to the *Miranda* case, the defendants rely upon United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947) and Commonwealth v. Banks, 429 Pa. 53, 239 A.2d 416 (1968). The cited cases are inapplicable on their facts.

There was no error in admitting the defendants' statements.

## II.

■■■ As to the identification of the defendants by the victim: There was a confrontation of the defendants by the victim at a preliminary hearing in the Municipal Court, held eleven days after the crime, at which the defendants were represented by counsel. This was the first confrontation. There is dispute as to whether at that hearing the victim identified the defendants as his assailants. At the trial, however, the victim did make such identification.

The defendants contend that the identifications were illegal. They argue that the confrontations at the preliminary hearing and the trial amounted to a "show-up" of the "pernicious" type because, implicit in the court room situations, there was the message that the police suspected and now accuse these particular men of the crime involved.

We find the defendants' argument without merit. If accepted, the defendants' contention would require a "line-up" iden-

tification in every case as a prerequisite to every court room identification. We know of no such requirement, constitutional or otherwise, and we consider it impractical and unreasonable to create such right. Generally speaking, a court room confrontation, in the presence of court and counsel and with the right of cross examination preserved, provides adequate protection to the rights of an accused of the type sought to be covered by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and the dissent in Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968), upon which the defendants rely.

The convictions are not vulnerable by reason of the victim's identification of the defendants.

Affirmed.