**Robert M. WILSON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 11, 1980.

Decided April 7, 1980.

Dennis Spivack, Wilmington (argued) of Schnee & Castle, P.A., Wilmington, for defendant below, appellant.

Bartholomew J. Dalton, Deputy Atty. Gen., Wilmington, (argued), for plaintiff below, appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

On November 3, 1976, the defendant, Robert Wilson, and Paul Harding, a companion, were involved in a single car automobile accident in which Mr. Harding died. When the police arrived, they found various weapons, including a loaded gun, and other evidence * scattered along the highway. After responding to several questions, the defendant was escorted to the police station where he was advised of his rights and a test for blood alcohol attempted. When the defendant was physically unable to take the test, he was persuaded to seek medical attention.

Before going to the hospital, the defendant attempted to call his attorney and then left four pieces of luggage in the custody of the police. After his departure, the bags were moved and several items fell out of a hole in one of the bags. Without a warrant, the bags were then searched and inventoried.

Subsequently, the defendant was convicted of Possession of Burglar's Tools and Possession of Destructive Weapons. At trial, the State was allowed to use statements of the defendant made at the accident scene, at the police station, and at the hospital. In addition, the State introduced evidence of the contents of the bags and evidence that the defendant met Harding, a convicted burglar, in prison.

The defendant appeals his convictions contending: that admission of the evidence obtained from the suitcases was improper under the exclusionary rule as explained in *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); that allowing the State to show the defendant's association with Harding in prison was unduly prejudicial and constituted reversible error; that the State failed to show a proper chain of custody for the evidence found at the accident scene; that the statements of the defendant were involuntary; and that the State's ability to impeach the defendant's credibility with evidence of his prior convictions, if he testified, impermissibly burdened his right to testify on his own behalf. We affirm.

I

The defendant argues, *inter alia*, that a search of the suitcases left in the police station was not justifiable and was in violation of his rights under the fourth amendment. We disagree. The search and inventory was made after several items had fallen out of a hole in one of the suitcases.** Because of the dangerous weapons found at the accident scene, these items were reasonably believed to be burglar's tools, and the police reasonably believed that dangerous instrumentalities were likely to be contained in the suitcases.

 Warrantless inventories to secure an accounting of property in the possession of

---

* Among the items found were eight pairs of handcuffs, a knife, assorted shells and bullets, and a bullet proof vest.

** Those items included a nylon stocking mask, a glove and a battery charger.

police officers are proper under appropriate circumstances. *State v. Gwinn*, Del.Supr., 301 A.2d 291, 293 (1972). Also permissible are warrantless searches to protect the police and others when the presence of concealed dangerous instrumentalities is reasonably suspected. *United States v. Chadwick*, supra; *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

■ In light of the dangerous instrumentalities found at the scene of the accident and the fact that one of the bags was spilling its contents, we hold that the search of the suitcases at the police station, under the circumstances, was reasonable and permissible without a warrant under either an inventory or dangerous instrumentality rationale. See, *Nash v. State*, Del.Supr., 295 A.2d 715, 718 (1972).

## II

■ The other contentions of the defendant can be disposed of briefly. The evidence showing the defendant and Harding met in prison was admitted as relevant despite the defendant's objection of undue prejudice. The State had an obligation to prove the defendant intended to use the burglar's tools or knew another intended to use them in the commission of an offense. 11 *Del.C.* § 828. Consequently, we cannot hold the Trial Court abused its discretion in determining that the probative value of this evidence, connecting the defendant with a convicted burglar, outweighed its potentially unduly prejudicial effects. We note that the Court did not allow evidence of the defendant's prior robbery conviction on this issue.

■ The State presented sufficient evidence to show a reasonable probability that there was no tampering with the evidence found at the accident scene. *Clough v. State*, Del.Supr., 295 A.2d 729 (1972). The mere fact that a witness pointed out a gun lying in the road, without more, is not enough to raise a reasonable probability of tampering.

■ The defendant's statements at the accident scene were not in response to cus-todial interrogation and *Miranda* warnings were not necessary at that time. *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *Laury v. State*, Del. Supr., 260 A.2d 907 (1969). See, *Lowe v. United States*, 9th Cir., 407 F.2d 1391 (1969). Further, any subsequent statements by the defendant were made after he was read his rights and waived them as required under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ In addition, the defendant's assertion that he was in a daze and was unable to voluntarily and intelligently waive his rights is untenable. Considering the totality of the circumstances, including the defendant's ability to remember his attorney's phone number, we find that the defendant's statements were the product of his rational and intelligent free will and that the defendant's will was not overborne. *State v. Winsett*, Del.Super., 238 A.2d 821, aff'd, Del.Supr., 251 A.2d 199 (1968).

■ Finally, the defendant's contention that his right to testify on his own behalf was impermissibly burdened because the State had the right to impeach his testimony by exploring his prior felony convictions in the manner approved by this Court in *Miller v. State*, Del.Supr., 224 A.2d 592 (1966), is totally without merit. We know of no decision, and the defendant cites none, which holds that the right of a defendant to testify on his own behalf includes the right not to be cross-examined on relevant matters relating to credibility.

AFFIRMED.